IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JASON HERALD, | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-447 (MTT) |
| LVNV FUNDING LLC, | ) |
|     Defendant. | ) |

## ORDER

Plaintiff Jason Herald filed a lawsuit alleging Defendant LVNV Funding LLC violated the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, when LVNV failed to remove a dispute comment from Herald's credit disclosures. Doc. 1. After Herald and LVNV filed cross motions for summary judgment, Herald moved to voluntarily dismiss his complaint with prejudice, which the Court granted. Docs. 26; 27; 36; 39. LVNV now moves for sanctions under 28 U.S.C. § 1927 and 15 U.S.C. § 1692k. Doc. 41. For the following reasons, LVNV's motion (Doc. 41) is **DENIED**.

### I. BACKGROUND

Herald owed an unpaid Lowe's Branded Synchrony Bank credit card debt to its current owner, LVNV. Docs. 26-1 ¶ 1; 28-1 ¶ 1. LVNV received multiple letters from Herald disputing the debt. Docs. 26-1 ¶¶ 4, 6-8; 28-1 ¶¶ 4, 6-8. On February 4, 2021, LVNV reported the account as disputed to various credit reporting agencies. Docs. 26-1 ¶ 5; 28-1 ¶ 5. On October 20, 2021, LVNV received a letter from Gary Hansz, an attorney with the Credit Repair Lawyers of America ("CRLA") requesting that LVNV

"remove the dispute comment from the account." Docs. 26-1 ¶ 9; 27-6; 28-1 ¶ 9. LVNV did not remove the dispute comment because it believed the letter was part of a "scam." Docs. 26-1 ¶ 11; 28-1 ¶ 11.

As a result of the continued presence of the dispute comment on his credit report, Herald claimed LVNV violated the FDCPA by "falsely representing the character, amount, or legal status of any debt" and "reporting credit information which is known to be false." Doc. 1 ¶ 23 (citing 15 U.S.C. §§1692e(2)(A), (8)). Herald moved for summary judgment arguing that because the FDCPA is a strict liability statute, LVNV's failure to remove the dispute comment after receiving the CRLA letter entitled him to damages. Doc. 27-2 at 5-8. LVNV also moved for summary judgment arguing that Herald did not have standing to assert a claim under the FDCPA because he had not suffered a concrete injury. Doc. 26-2 at 7-11.

On the issue of standing, LVNV contended that, other than Herald's deposition testimony, Herald had not offered any evidence to substantiate his claim that that the failure to remove the dispute notification caused him harm. *Id*. Specifically, Herald testified that the failure to remove the dispute comment caused him emotional distress, "hindered" his ability to get "the lowest mortgage rates," and that he spent money trying to clean up his credit report. Doc. 20 at 59:23-60:3, 60:20-24, 73:11-17, 84:11-14. However, Herald admitted that he never applied for a mortgage or mortgage refinancing since disputing the debt. Docs. 26-1 ¶¶ 13-15; 28-1 ¶¶ 13-15. Rather, Herald discussed getting a mortgage with a mortgage broker, who informed him "if there's any disputes or derogatory remarks on your credit file, it has a tendency to hurt and/or not be able to get you a mortgage." Doc. 20 at 52:10-14. Despite his admission, Herald

argued that he had standing to pursue his claims because he experienced emotional distress, spent money trying to clean up his credit report, and the FDCPA violation was analogous to the common law harms of slander, libel, and defamation.  Doc. 27-2 at 8-14.  LVNV never responded to Herald's argument analogizing his harm to common law slander, libel, and defamation.

On March 15, 2023, the Court convened a hearing to address the standing issues LVNV raised.  Docs. 34; 35.  At the hearing, it became clear that because Herald never applied for a mortgage or incurred any out-of-pocket expenses, he could not establish standing based on an economic injury.  Doc. 35 at 25:17-26:2.  Rather, Herald's standing arguments were based on (1) the emotional distress he experienced as a result of his belief that he could not obtain a mortgage and (2) his contention that the FDCPA violations were analogous to common law defamation.  *Id*. at 15:18-16:4, 18:23-19:3.  As a result, the Court ordered the parties to provide supplemental briefing on how the Court should analyze the evidentiary record to determine whether Herald had standing to pursue his claims.  Docs. 34 at 2; 35 at 26:3-8.  In response, Herald filed a motion to voluntarily dismiss his complaint with prejudice.  Doc. 36.  The motion explained that Herald's decision to dismiss his claims was based on "recent opinions issued in other jurisdictions that resulted in the dismissal[] of cases like the instant action."  *Id*.  The Court granted Herald's unopposed motion to dismiss.[1]  Docs. 37; 39.  LVNV now moves for sanctions under 28 U.S.C. § 1927 and 15 U.S.C. § 1692k.  Doc. 41.

---

[1] In its motion for sanctions, LVNV claims that the Court granted Herald's motion to voluntarily dismiss "despite LVNV's objections."  Doc. 41-1 at 4.  LVNV misstates the record.  In its response to Herald's motion to voluntarily dismiss with prejudice, LVNV stated that it "agree[ed] with Plaintiff that the Court should Dismiss Plaintiff's case."  Doc. 37 ¶ 2.  Thus, Herald's motion was unopposed.

## II. DISCUSSION

### A. Sanctions under 28 U.S.C. § 1927

Section 1927 provides: "Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "To warrant sanctions pursuant to § 1927, an attorney must (1) 'engage in unreasonable and vexatious conduct'; (2) 'this conduct must multiply the proceedings'; and (3) 'the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.'" *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 503 F. App'x 711, 725 (11th Cir. 2013) (quoting *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010)).

"An attorney multiplies the proceedings unreasonably and vexatiously 'only when the attorney's conduct is so egregious that it is tantamount to bad faith.'" *Peer*, 606 F.3d at 1314 (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007)). "Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." *Id*. However, "negligent conduct, standing alone, will not support a finding of bad faith under § 1927—that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." *Amlong & Amlong, P.A.*, 500 F.3d at 1241-42. In other words, § 1927 "is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Furthermore, to satisfy the multiplication-of-proceedings element, an attorney must have engaged in conduct that leads to proceedings that would not have

been conducted otherwise.  *Peterson v. BMI Refractories*, 124 F.3d. 1386, 1396 (11th Cir. 1997).

LVNV argues that sanctions are warranted under § 1927 because "the sole basis of [Herald's] claim,"—i.e., that he was unable to obtain a mortgage due to the dispute notification on his credit report—"was factually untrue."  Doc. 41-1 at 7.  While the March 15, 2023 hearing clarified that Herald's standing arguments were weak, it does not follow that Herald's claims were brought in bad faith.  *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1242 (S.D. Fla. 2008) (holding that the defendant's contention sanctions were appropriate because the plaintiff's claims were "weak" was insufficient to justify sanctions).  This conclusion is bolstered by the fact that LVNV never responded to Herald's alternative standing argument that the alleged FDCPA violations were analogous to common law defamation; the Court never ruled on the merits of Herald's claims; and it was undisputed that LVNV failed to remove the dispute notification from Herald's account, despite receiving a letter requesting its removal.  As a result, the Court is not convinced that Herald's claims were brought in bad faith and that Herald's counsel should be sanctioned for pursuing this litigation. *See Merial Ltd. v. Intervet, Inc.*, 437 F. Supp. 2d 1332, 1335 (N.D. Ga. 2006) (concluding that even though the Court determined that the plaintiff lacked standing to assert its claim, sanctions were not warranted under § 1927); *Polaris Images Corp. v. Cable News Network, Inc.*, 365 F. Supp. 3d 340, 342 (S.D.N.Y. 2019) (noting that the Court could not conclude that the plaintiff's claim was frivolous when the Court had not ruled on the merits of the claim).

Furthermore, LVNV's argument that Herald's attorney multiplied the proceedings is also unpersuasive considering counsel voluntarily dismissed Herald's claims with prejudice.  See *Villalobos v. Guertin*, 2009 WL 4718721, at *2 (E.D. Cal. Dec. 3, 2009) (rejecting the defendants' argument "that plaintiffs' counsel multiplied proceedings by failing to withdraw and dismiss the case after the close of discovery"); *McCune v. Rugged Ent., LLC*, 2010 WL 1189390, at *5 (E.D.N.Y. Mar. 29, 2010) ("[R]ather than vexatiously seeking to delay the proceedings, plaintiff's counsel moved promptly to voluntarily dismiss the action with prejudice upon reaching the conclusion that his claims lacked a factual bases.").  The motion to voluntarily dismiss clarifies that Herald sought to dismiss his claims because "recent opinions issued in other jurisdictions … resulted in the dismissal[] of cases like the instant action."  Doc. 36.  LVNV quarrels with this justification, arguing Herald's attorney was aware all along that the caselaw was against him.  Doc. 41-1 at 8.  But even the cases LVNV cites in support of this argument demonstrate that the caselaw is not so clear cut.  *See* Docs. 33-1; (citing *Luce v. LVNV Funding LLC*, 2023 WL 1472582 (S.D. Fla. Jan. 18, 2023), *R. & R. adopted*, 2023 WL 1466815 (S.D. Fla. Feb. 2, 2023) (noting that courts "are split on whether emotional harms arising from alleged violations of the FDCPA establish standing"); 41-1 n.17 (same).

In sum, LVNV has not demonstrated that Herald's counsel unreasonably and vexatiously multiplied the proceedings to justify the imposition of sanctions under 28 U.S.C. § 1927.

**B. Sanctions under 15 U.S.C. § 1692k**

"Under 15 U.S.C. § 1692k(a)(3), [a] district court may award attorney's fees to a defendant in an FDCPA case if it finds that the plaintiff brought the action in bad faith and to harass the defendant." *Diaz v. First Marblehead Corp.*, 643 F. App'x 916, 924 (11th Cir. 2016). "The Eleventh Circuit has not given any specific guidance on the meaning of 'in bad faith and for the purpose of harassment.'" *Burgos v. SunTrust Bank, N.A.*, 2020 WL 2299937, at *3 (S.D. Fla. Mar. 31, 2020), *R. & R. adopted*, 2020 WL 2299936 (S.D. Fla. May 7, 2020); *Montero-Hernandez v. Palisades Collection, LLC*, 2014 WL 505119, at *5 (M.D. Fla. Feb. 7, 2014). "Other courts have set a high bar, requiring evidence that a plaintiff both knew that his or her claim was meritless and pursued it with the purpose of harassing the defendant." *Montero-Hernandez*, 2014 WL 505119, at *5. Furthermore, "[c]ourts have also held that merely prevailing on a dispositive motion (i.e. a motion to dismiss or a motion for summary judgment) is insufficient to show that a plaintiff acted in bad faith or for the purpose of harassment." *Burgos*, 2020 WL 2299937, at *3; *Gillis v. Deutsche Bank Tr. Co. Americas*, 2016 WL 551765, at *3 (M.D. Fla. Jan. 26, 2016), *R. & R. adopted*, 2016 WL 540300 (M.D. Fla. Feb. 11, 2016).

As discussed previously, LVNV has not demonstrated that Herald acted in bad faith. Furthermore, LVNV has not presented any evidence that Herald brought his claims for the purpose of harassing LVNV. *Gillis*, 2016 WL 551765, at *4 ("The standard for an award of attorney's fees under 15 U.S.C. § 1692k(a)(3) is two-pronged; Defendants must affirmatively show that Plaintiff acted in bad faith *and* for the purpose of harassment."). Rather, LVNV's gripe lies with Herald's counsel and the CRLA. *See*

Doc. 41-1 at 1 ("Plaintiff's Complaint is but one of at least 120 identical or substantially similar cases *filed by Credit Repair Lawyers of America* and its surrogates throughout the country since July of 2021.") (emphasis added).  The Eleventh Circuit has cautioned that "absent some evidence that [the client] had knowledge of the legal strategy being pursued and its faults, rather than just the facts of [the] case," the district court should not assess fees against a party personally under § 1692k(a)(3).  *Diaz*, 643 F. App'x at 925.  LVNV has provided no evidence that Herald—rather than Herald's attorney or the CRLA—brought this case for the purpose of harassing LVNV.

In sum, LVNV has not demonstrated that Herald brought his claims in bad faith and for the purpose of harassing LVNV.  Accordingly, LVNV is not entitled to sanctions under 15 U.S.C. § 1692k(a)(3).

### III. CONCLUSION

For the reasons stated, LVNV's motion for sanctions (Doc. 41) is **DENIED**.

**SO ORDERED**, this 31st day of August, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
